**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TF:ANW
F.#2016R00146

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 6, 2016

By Hand and ECF

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Paul Montique
Criminal Docket No. 16-065 (CBA)

Dear Judge Amon:

The government anticipates calling as a witness Diplomatic Security Service Special Agent Matthew Maguire to testify regarding a passport application the defendant submitted to the State Department in the name of Shawn Patterson Scott. Through this letter memorandum, the government respectfully moves to preclude cross-examination regarding a 2006 investigation conducted by the State Department Office of the Inspector General ("OIG") relating to Agent Maguire. For the reasons set forth below, and as the Hon. William F. Kuntz, II and the Hon. Victor Marrero have previously held – and in the latter case, the Second Circuit affirmed – the investigation and the underlying incident have no bearing on Agent Maguire's credibility.

I. Background

In 2006, Agent Maguire was investigated by the OIG. The investigation concerned an incident that occurred on October 5, 2005, when Agent Maguire had a disagreement with a civilian and her husband, who had complained about Agent Maguire's use of the siren in his official government car.

The complainants reported to Agent Maguire's superiors that he had a non-government employee in his car at the time of the incident and that, when asked, he stated that this passenger was his "back up." Agent Maguire explained that the passenger was in his car because he was concerned for her safety after the complainant's husband approached the scene.

OIG conducted an investigation into both Agent Maguire's alleged unauthorized use of a government vehicle and his purported lack of candor during the investigation. At the conclusion of its investigation, OIG determined that there was no clear evidence establishing the circumstances surrounding his purported unauthorized use of a government vehicle, and thus did not sustain the first allegation against him. Concluding that his explanation was "not entirely inconsistent" with the evidence, OIG similarly did not sustain the allegation regarding his alleged lack of candor. OIG nonetheless opined, however, that Agent Maguire was "not fully forthcoming with the OIG investigators," and stated that his "explanations [did] not fully put to rest doubts regarding [his] honesty and integrity, particularly as concerns the incident with [the complainant and her husband]." Accordingly, the State Department ultimately determined that a letter should be issued and maintained for one year, but that the letter should not be placed in Agent Maguire's official personnel file.

Agent Maguire has been the subject of no further job-related discipline and has subsequently been promoted on two occasions.

## II. Legal Framework

Rule 608(b) of the Federal Rules of Evidence, titled "Specific Instances of Conduct," provides in relevant part:

> [T]he court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness.

Fed. R. Evid. 608(b). By its plain language, Rule 608 permits cross-examination concerning specific instances of conduct, if at all, only to the extent that the conduct in question is "probative of truthfulness or untruthfulness." See United States v. Flaharty, 295 F.3d 182, 191-92 (2d Cir. 2002); see also United States v. Caracappa, 614 F.3d 30, 42 (2d Cir. 2010) ("[c]ross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness."). The application of Rule 608 is further limited by Rule 611(a)(3) (instructing district courts to "protect witnesses from harassment or undue embarrassment") and Rule 403 (noting that district courts may exclude relevant testimony "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues . . . undue delay, waste of time, or needlessly presenting cumulative evidence.").

The "[d]ecision to restrict cross-examination will not be reversed absent an abuse of discretion," United States v. Lawes, 292 F.3d 123, 131 (2d Cir. 2002) (quoting United States v. Rosa, 11 F.3d 315, 335 (2d Cir. 1993)), and the Second Circuit repeatedly has upheld courts' exercise of discretion in imposing reasonable limits on the subjects that may be inquired into on cross-examination. See, e.g., Rosa, 11 F.3d at 336 (district court properly precluded cross-examination on alleged rape and burglary by witness because

conduct did not bear directly on witness's credibility); United States v. Rabinowitz, 578 F.2d 910, 912 (2d Cir. 1978) (district court properly barred inquiry into witness's prior acts of sodomy of young children).

The Second Circuit has also upheld the preclusion of cross-examination regarding complaints against law enforcement witnesses even if they were (unlike the instant case) substantiated by administrative bodies similar to the OIG. See, e.g., Lawes, 292 F.3d at 131-132 (upheld preclusion of cross-examination regarding New York City Civilian Complaint Review Board ("CCRB") finding that police officer, in an unrelated incident, used excessive force, finding it was of little, if any, plausible relevance to the witness's credibility); see also United States v. Barret, No. 10 CR 809, 2012 WL 194992, at *2 (E.D.N.Y. Jan. 23, 2012 (Matsumoto, J.) (precluding cross-examination of police officer concerning certain substantiated CCRB complaints involving allegations of conducting an unauthorized vehicle search and refusing to provide name and shield number to the driver, because those complaints did not involve conduct bearing on the officer's credibility); United States v. Laster, No. 06 CR 1064, 2007 WL 2872678, at *2 (S.D.N.Y. Sept. 28, 2007) (Keenan, J.) (precluding cross-examination of police officer concerning substantiated CCRB complaint because incident and facts underlying the charge did not bear on the officer's credibility); United States v. Smith, No. 06 CR 203, 2007 WL 188734, at *1 (S.D.N.Y. Jan. 24, 2007) (Holwell, J.) (precluding cross-examination of officers regarding CCRB complaints because the CCRB's proceedings "lack formality," the incidents were of "minimal probative value" in assessing the officers' credibility, and that value was "substantially outweighed by the danger of unfair prejudice and delay").

## III. Discussion

As a threshold matter, given that the allegations against Agent Maguire were unsubstantiated and did not result in an adverse credibility determination against him, they plainly have no bearing on his character for truthfulness, and the Court should preclude cross-examination regarding the investigation. To do otherwise would be akin to allowing impeachment of a witness based on an arrest that was later dismissed, which is clearly improper. See e.g., United States v. Schwab, 886 F.2d 509, 513 (2d Cir. 1989) (finding improper cross-examination regarding alleged misconduct for which the witness was acquitted because it lacks probative value).

Indeed, even in cases where allegations were substantiated, courts have routinely precluded cross-examination regarding such allegations when they had no relevance to the instant proceedings. See, e.g., Laster, 2007 WL 2872678 at *2. Likewise, because the unsubstantiated allegations against Agent Maguire certainly have no bearing on the veracity of his testimony in this case, the Court should preclude cross-examination regarding them.

In addition, the Hon. Victor Marrero in the Southern District of New York in United States v. Xue Bie Chen, No. 08 CR 1194, previously precluded cross-examination of Agent Maguire regarding this same OIG investigation, finding that the unsubstantiated

allegations were irrelevant to the subjects of Agent Maguire's testimony in that case. Judge Marrero's ruling was later affirmed by the Court of Appeals. See United States v. Xue Bin Chen, 472 Fed. Appx. 60, *61 (2d Cir. 2012). Judge Marrero's reasoning applies with equal force in this case. Moreover, on May 22, 2014, the Hon. William F. Kuntz, II similarly precluded cross-examination of Agent Maguire regarding the same OIG investigation. See United States v. Mohammad Ajmal Choudhry, No. 13 CR 150.

IV. Conclusion

For the foregoing reasons, the government respectfully requests that the Court preclude defense counsel from asking Agent Maguire about the OIG investigation during his testimony.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By: /s/ Alicia N. Washington
Alicia N. Washington
(718) 254-6009

cc: Clerk of Court (CBA) (via ECF)
Kannan Sundaram, Esq. (via ECF)