

U.S. Department of Justice

United States Attorney
Eastern District of New York

TF:ANW
F.# 2016R00146

271 Cadman Plaza East
Brooklyn, New York 11201

July 10, 2016

By Hand and ECF

The Honorable Carol Bagley Amon
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Paul Montique
              Criminal Docket No. 16-065 (CBA)

Dear Judge Amon:

      The government respectfully submits this letter in response to the defendant's motion pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) for the Court to compel the government to disclose the instructions it provided to the grand jury regarding Count Three of the above-captioned indictment (the "Indictment"), which charges the defendant with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) or, in the alternative, to conduct an in camera review of those instructions.  See ECF Docket No. 35 ("Def. Mot."). Specifically, the defendant argues that the mens rea requirement of the aggravated identity theft statute is non-obvious and, therefore, the grand jury may not have understood that element of the statute before finding probable cause to indict.  In addition, the defendant argues that, because Customs and Border Protection ("CBP") Officer Michael D'Alessandro testified to the grand jury that the defendant indicated that he did not know if Shawn Patterson Scott is a real person, and the grand jury nonetheless indicted the defendant, the government must have failed to instruct the grand jury properly about mens rea or failed to present sufficient evidence to sustain the charges.  Def. Mot. at 3-4.  (Officer D'Alessandro is expected to testify at trial and the government disclosed his grand jury testimony on July 5, 2016 pursuant to 18 U.S.C. § 3500.)  For the reasons set forth below, the Court should deny the defendant's motion.

      As an initial matter, the government is not obligated to provide the grand jury with legal instructions.  See, e.g., United States v. Hoey, 2014 WL 2998523, at *3 (S.D.N.Y. 2014) (citing United States v. Lopez-Lopez, 282 F.3d 1, 9 (1st Cir. 2002); United States v. McDarrah, 2006 WL 1997638, at *9, 2006 (S.D.N.Y. July 17, 2006) ("under federal law, a prosecutor is not required to instruct the grand jury on the law.").  Moreover, there is a long-

established policy of secrecy inherent in the disclosure of grand jury minutes.  United States v. Proctor & Gamble, 356 U.S. 677, 681 (1958); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399 (1959).

According to Rule 6(e)(3), the only circumstance under which a district court may authorize the disclosure of grand jury matter at the defendant's request is where he "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed R. Crim. P. 6(e)(3)(E)(ii).  But first, the defendant must satisfy a heavy burden of showing that a "compelling necessity" outweighs the strong public policy in favor of grand jury secrecy.  Proctor & Gamble, 356 U.S. at 682.  Thus, in the Second Circuit, the "review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." United States v. Torres, 901 F.2d 205, 233 (2d Cir. 1990) (citations and internal quotations omitted); see also United States v. Leung, 40 F.3d 577, 582 (2d Cir. 1994) ("A review of grand jury minutes should not be permitted without concrete allegations of government misconduct.").[1]

Here, the defendant has failed to set forth any specific factual, concrete allegations of government misconduct that would compel disclosure.  On the contrary, his reasons for disclosure are entirely theoretical.  First, he simply speculates that the grand jury misunderstood the knowledge requirement in § 1028A(a)(1) because the Supreme Court resolved a circuit split regarding that requirement in 2009.  (Def. Mot at 2-3.); see Flores-Figueroa v. United States, 556 U.S. 646 (2009) (holding that the government must prove that the defendant knew that the means of identification he or she unlawfully possessed belonged to another person).  There is no precedent for deducing that because earlier courts (in other circuits), at some point, may have misunderstood the governing statute, a presumption of government misconduct in grand jury proceedings regarding that statute exists – and thus the secrecy of the grand jury should be disturbed.  In any event, in Flores-Figueroa, the Court wrote, "[a]s a matter of ordinary English grammar, it seems natural to read the statute's word 'knowingly' as applying to all the subsequently listed elements of the crime." Id. at 650.  There is no reason to think the grand jury did not understand the plain meaning of the statute here.

To support his argument that any government instructions on Count Three should be released or reviewed in camera, the defendant relies on United States v. Hoey, 2014 WL 2998523 (S.D.N.Y. 2014), which granted the defendant's request for an in camera review of grand jury instructions based on the Supreme Court's ruling in Burrage v. United States, -- U.S. --, 134 S.Ct. 881 (2014).  In Burrage, the Court ruled that in order to satisfy the requirements of the "death results" enhancement in 18 U.S.C. §§ 841(b)(1)(A) and (C), the government needed to show that the drugs distributed by the defendant were a "but-for"

---

[1] Even if disclosure were to reveal error, it would not necessarily warrant dismissal: "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendant." Torres, 901 F.2d at 233.

cause of the victim's death. Id. at892. In Hoey, the court found that the "but-for" requirement in Burrage created a "non-obvious requirement to the reader from the face of the statute" and was contrary to the Department of Justice's earlier reading of the statute. 2014 WL 2998523, at *3. According to the Hoey court, these changes rose to the level of a particularized need for inspection of the grand jury instructions, it granted defendant's request. Id.

Unlike Burrage, the impact of the Court's ruling in, Flores-Figueroa v. United States, 556 U.S. 646 (2009), on 18 U.S.C.A § 1028A(a)(1) is not similarly "non-obvious." The language of § 1028A(a)(1) clearly states that, in order to prove a violation, the government must show that the defendant "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." The impact of clarifying that "knowingly" modifies "another person" (which was the holding in Flores-Figueroa) creates a much narrower clarification in the meaning of the statute than the impact of determining that the "results in death" enhancement requires proof that the drug distribution was a "but-for cause" of the victim's death (the holding in Burrage). In any case, Burrage was an important change in the law decided approximately one month after the indictment at issue in Hoey was unsealed. 2014 WL 2998523, at *1. Here, the defendant's motion is based on a Supreme Court case decided approximately seven years before the Indictment at issue; there is no reason to think the government did not know it.

Second, the defendant speculates that Officer D'Alessandro's recounting of the defendant's self-serving statements – that he did not know if Scott was a real person – necessarily confused the jury, and that allowing this was government misconduct compelling disclosure. But a grand jury is surely entitled to discount a defendant's denials of wrong-doing if it so chooses. Moreover, the defendant ignores other aspects of Officer D'Alessandro's testimony, including that the defendant obtained other identification documents in the name of Shawn Patterson Scott; that the defendant stated that he paid $10,000 for the passport and other identification documents; that the defendant had twice been deported; and that the documents that the defendant submitted in support of the passport application contained Scott's personal identifying information. Def. Ex. A at 10-11, 13. That testimony, taken together with Officer D'Alessandro's testimony that Shawn Patterson Scott is a real United States citizen, was more than sufficient for the grand jury to have found probable cause that the defendant committed aggravated identity theft. See United States v. Pichardo, 595 Fed App'x 19, 21 (2d Cir. 2014) (noting defendant admitted to paying $900-$1,000 for Gascot's birth certificate and social security card and stating that "Pichardo's 'repeated and successful use of Gascot's personal identification information . . . underscores his reliance on and confidence in the use of [that] identity as the identity of a real person.'"); United States v. Doe, 661 F.3d 550, 562-63 (11th Cir. 2011) ( "a defendant's repeated and successful testing of the authenticity of [the] victim's identifying information . . . is powerful circumstantial evidence that [he] knew the identifying information belonged to a real person as opposed to a fictitious one"); United States v. Gomez-Castro, 605 F.3d 1245, 1249 (11th Cir. 2010) (noting that the defendant paid $2,500 for birth certificate and social security card as a factor a jury could consider to infer knowledge); Castillo v. United States, 2011 WL 4592829, at *9-10 (E.D.N.Y. Sept. 30, 2011) (finding circumstantial evidence that petitioner

had entered the U.S. legally before, was familiar with border checks and had been the subject of those checks before was sufficient to infer that he "knew his only chance for re-entry was to use the identity of a real person already in the system" and that had to be the kind of "false passport identity he paid handsomely to obtain").

In short, the defendant's motion is based on speculation and argument, falling significantly short of the requirements for disclosure. See United States v. Barret, 824 F. Supp. 2d 419 (E.D.N.Y. 2011) (denying motion to inspect grand jury minutes where the defendant merely "argues that the court should release and review the grand jury minutes so he can determine whether any irregularities occurred"); United States v. Ordaz-Gallardo, 520 F. Supp. 2d 516, 519-520 (S.D.N.Y. 2007) (denying motion to disclose grand jury minutes because the defendants offered "little more than speculation that some impropriety may have occurred before the grand jury," which fell "well short of the particularized need required under well-settled law").

For the reasons stated above, the Court should deny the defendant's motion to compel the government to disclose any grand jury instructions on Count Three and request for the Court to conduct an in camera review.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:   /s/  Alicia N. Washington
Alicia N. Washington
Assistant U.S. Attorney
(718) 254-6009

cc:   Kannan Sundaram, Esq. (by ECF)