

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TF:ANW
F.# 2016R00146

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 10, 2016

<u>By Hand and ECF</u>

The Honorable Carol Bagley Amon
United States District Court
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>United States v. Paul Montique</u>
              <u>Criminal Docket No. 16-065 (CBA)</u>

Dear Judge Amon:

      As requested by the Court at the July 8, 2016, status conference in the above-captioned case, the government respectfully submits this letter to address the Court's questions regarding the government's intentions to elicit testimony from witnesses who have met Shawn Patterson Scott, as evidence that Scott is a real person.  For purposes of this letter, the government incorporates by reference the facts set forth in its memorandum of law in support of its motions <u>in</u> <u>limine</u> filed on July 7, 2016.  <u>See</u> ECF No. 36.

      Under 18 U.S.C. § 1028A, the government must prove that Shawn Patterson Scott is a real person.  As an initial matter, it is worth noting that numerous courts have found that the identity theft does not have to be from a living victim.  <u>See</u> <u>United States v. Davis</u>, 2009 WL 1476459, at *3 n.5 (N.D.N.Y. 2009) (citing several district and circuit court opinions); <u>see also</u> <u>United States v. Zuniga–Arteaga</u>, 681 F.3d 1220, 1223–25 (11th Cir. 2012) (holding that 18 U.S.C. § 1028A "criminalizes the use of a real person's identity, regardless of whether that person is currently living") (citing <u>United States v. Jimenez</u>, 507 F.3d 13, 22 (1st Cir. 2007); <u>United States v. LaFaive</u>, 618 F.3d 613, 617 (7th Cir.2010); <u>United States v. Kowal</u>, 527 F.3d 741, 747 (8th Cir. 2008); <u>United States v. Maciel–Alcala</u>, 612 F.3d 1092, 1102 (9th Cir. 2010); <u>United States v. Aldissi</u>, 2015 WL 1638270, at *4 (M.D. Fla. Apr. 13, 2015) (permitting wife to testify that her husband, the victim of identity theft, was deceased).  Here, the existence of an unavailable victim, like the existence of a deceased victim, must be proved with evidence other than the victim's own testimony.

      At this time, the government intends to call a Special Agent with Homeland Security Investigations and a Probation Officer with the Commonwealth of Massachusetts,

Office of the Commissioner of Probation, who will testify that they have met the real Shawn Patterson Scott.  The government does not intend to elicit hearsay testimony from either witness.  The government anticipates the Special Agent will testify that, in April 2016, he met with an individual whom he believed to be Shawn Patterson Scott.  The government anticipates that the Special Agent will be able to identify the individual with whom he met in a photograph.  Likewise, the government anticipates the Probation Officer will testify that he supervises an individual named Shawn Patterson Scott and that he met him with certain frequency until a recent date.  The government anticipates that the Probation Officer will be able to identify the Shawn Patterson Scott he supervises in a photograph.  The government will also elicit testimony that the Office of Commissioner of Probation maintains demographic records of the individuals it supervises in the regular course of business.  The Probation Officer will testify that he maintains such records for his supervisee Mr. Scott, and the government intends to offer those demographic records into evidence under the public records exception to hearsay.  See Fed. R. Evid. 803(8); United States v. Brown, 315 F.3d 929, 931 (8th Cir. 2003) (admitting under public records exception data routinely entered into agency's database).

Moreover, the government anticipates it will call a witness from the Massachusetts Registry of Vital Records and Statistics to testify that a birth certificate exists for a Shawn Patterson Scott and introduce a certified copy of that birth certificate into evidence.  See Fed. R. Evid. 803(9) (a record of birth is admissible as a public record of vital statistics).  The government also anticipates introducing Social Security records of Shawn Patterson Scott.  See Fed. R. Evid. 803(8).

Based on the aforementioned testimony and evidence, the jury will be able to draw the necessary inferences to conclude that Shawn Patterson Scott is a real person.

    Respectfully submitted,

    ROBERT L. CAPERS
    United States Attorney

By:    /s/ Alicia N. Washington
    Alicia N. Washington
    Assistant U.S. Attorney
    (718) 254-6009

cc:    Kannan Sundaram, Esq. (by ECF)